KOBAYASHI SUGITA & GODA, LLP

| | |
|---|---|
| DAVID M. LOUIE | 2162-0 |
| JESSE W. SCHIEL | 7995-0 |
| NICHOLAS R. MONLUX | 9309-0 |
| RYAN D. LOUIE | 11297-0 |

First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
dml@ksglaw.com
jws@ksglaw.com
nrm@ksglaw.com
rdl@ksglaw.com

Attorneys for Defendant
FIDELITY BROKERAGE SERVICES LLC

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| GREG TULLY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY INVESTMENTS INC.,<br><br>Defendant. | CIVIL NO.<br><br>DEFENDANT FIDELITY BROKERAGE SERVICES LLC'S NOTICE OF REMOVAL OF STATE COURT ACTION TO FEDERAL COURT; DECLARATION OF DAVID M. LOUIE; EXHIBITS "A"–"B"; CERTIFICATE OF SERVICE |

**DEFENDANT FIDELITY BROKERAGE SERVICES LLC'S
<u>NOTICE OF REMOVAL</u>**

Defendant FIDELITY BROKERAGE SERVICES LLC ("**Fidelity**"), by and through its attorneys, Kobayashi Sugita & Goda, LLP, hereby gives notice of removal to the United States District Court for the District of Hawaii of the state

court action captioned *Greg Tully, individually and on behalf of all others situated v. Fidelity Investments Inc.*, Civ. No. 1CCV-21-0001399, filed in the Circuit Court of the First Circuit, State of Hawaii ("**State Action**") on November 12, 2021. Fidelity files this Notice of Removal under 28 U.S.C. §§ 1332, 1441(a)-(b), and 1446 and bases this notice on the following:

## BACKGROUND

1. On November 12, 2021 Plaintiff GREG TULLY, individually and on behalf of all others similarly situated ("**Plaintiff**"), filed his Complaint in the State Action against a non-existent entity named "Fidelity Investments Inc." A copy of the Complaint is attached as **Exhibit "A."** *See* Decl. of David M. Louie ("**Louie Decl.**") ¶ 2.

2. Despite naming a non-existent entity, Plaintiff nevertheless served Fidelity with a copy of the summons and Complaint on December 21, 2021.

3. Although Plaintiff named a non-existent entity as the Defendant, based on the allegations in the Complaint Fidelity appears to be the "intended defendant," is the "real party defendant in interest," and therefore "may remove to federal court even before it is named as a defendant" as it was put on notice of Plaintiff's mistake. *See HSBC Bank USA v. Mohanna*, No. 15-CV-02130-WHO, 2015 WL 4776236, at *4 (N.D. Cal. Aug. 13, 2015) ("[C]ourts recognize an exception to this framework in cases involving a 'real party defendant in interest' or

other closely affiliated 'intended defendant' that is mistakenly omitted from the initial complaint.  In such circumstances, courts have held that the 'real party defendant in interest' may remove to federal court even before it is named as a defendant, and that its thirty-day period to do so begins as soon as it is 'on notice' of the plaintiff's mistake."); *see also Hillberry v. Wal-Mart Stores E., L.P.*, No. CIV.A.3:05CV-63-H, 2005 WL 1862087, at *1 (W.D. Ky. Aug. 3, 2005) ("[I]f the proper defendant company is on notice that the wrong company defendant has been named [it] has a duty to remove nonetheless.").

4. Accordingly, Fidelity, the sole real party defendant in interest, consents to removal of this action.

5. No previous requests for removal have been made by any party to the State Action.  *See* Louie Decl. ¶ 3.

6. Venue is proper as this action was originally brought in the Circuit Court of the First Circuit, State of Hawaii.  28 U.S.C. §§ 1441(a); 1446(a).

7. Fidelity has not yet filed or served a response to the Complaint. *See* Louie Decl. ¶ 4.

8. A copy of all process, pleadings, and orders that Fidelity has received (other than the Complaint) in the State Action is attached as **Exhibit "B."** Louie Decl. ¶ 5; *see also* 28 U.S.C. § 1446(a).

## BASIS FOR DIVERSITY JURISDICTION

9. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed by Fidelity to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Plaintiff alleges in his Complaint that he has "accumulated a total loss of $49,386.05." **Exhibit "A"** at 7 ¶ 34. Plaintiff further alleges that Fidelity violated Hawaii Revised Statutes ("**HRS**") Chapter 480, and is therefore liable to Plaintiff for, among other things, treble damages under HRS Chapter 480-13 and "attorneys' fees and costs incurred by Plaintiff . . . ." *Id.* at 17 ¶¶ 4, 7.

11. In determining the amount in controversy, the Court must look at both the amount alleged and the amount the Plaintiff would statutorily recover if his alleged damages were trebled. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975 (9th Cir. 2013) (discussing "legal certainty" and "preponderance of the evidence" tests used when ascertaining amount in controversy); *Venuto v. Atlantis Motor Grp., LLC*, No. CV173363RBKKMW, 2017 WL 4570283, at *3 (D.N.J. Oct. 13, 2017) (noting that trebling of damages provided by statute "are considered in determining whether it appears to a legal certainty that Plaintiff cannot recover the jurisdictional amount"); *Miyasato v. Hyatt Corp.*, No. CIV. 11-00716 JMS, 2012

4

WL 874873, at *4, *7 (D. Haw. Feb. 16, 2012) (applying preponderance of the evidence test and noting that plaintiff's asserted damages may be trebled under HRS Chapter 480 and that amount may be considered in determining whether Plaintiff can recover at least the jurisdictional minimum).

12. The amount in controversy requirement is satisfied here because if Plaintiff were to prevail "on all claims made in the complaint," *Miyasato*, 2012 WL 874873, at *7, his trebled damages under HRS Chapter 480 could be $148,158.15, which is well above $75,000. Moreover, Plaintiff may also seek an award of attorneys' fees under HRS Chapter 480 if he were to prevail on his unfair and deceptive trade practices claim, and those fees would also be considered in calculating the amount in controversy. *Assaye v. United Airlines, Inc.*, No. CV 17-00495 DKW-KSC, 2017 WL 5560422, at *4 (D. Haw. Oct. 30, 2017) (citing and quoting *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007)).

13. There is complete diversity of citizenship here because Plaintiff was a citizen of the State of Hawaii at the time he filed the State Action. *See* **Exhibit "A"** at 3 ¶ 9. Fidelity was (and still is) a Delaware limited liability corporation with a principal place of business of Boston, Massachusetts. The sole member of Fidelity is Fidelity Global Brokerage Group, Inc. ("**Fidelity Global**"). At the time Plaintiff filed the State Action, Fidelity Global was (and still is) a Massachusetts corporation

with a principal place of business of Boston, Massachusetts. Fidelity was therefore a citizen of Massachusetts at the time Plaintiff filed the State Action.

14. Thus, because Fidelity is not a citizen of Hawaii, there is complete diversity of citizenship in this case, the Court has original subject matter jurisdiction over this action pursuant to 28 USC § 1332(a), and Fidelity is entitled to remove this action under 28 USC § 1441(b).

## NOTICE OF REMOVAL

15. Fidelity will serve this Notice of Removal on Plaintiff and file it with the Clerk of the Circuit Court of the First Circuit, State of Hawaii as required under 28 USC § 1446(d).

WHEREFORE, Fidelity requests that the State Action be removed to the United States District Court for the District of Hawaii.

DATED: Honolulu, Hawaii, January 20, 2022.

/s/ David M. Louie
DAVID M. LOUIE
JESSE W. SCHIEL
NICHOLAS R. MONLUX
RYAN D. LOUIE

Attorneys for Defendant
FIDELITY BROKERAGE SERVICES LLC